UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05-CV-803-H

BELERIM BEQIRI                                                                                   PLAINTIFF

v.

NELCO, INC.                                                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Belerim Beqiri has sued his former employer Nelco, Inc. ("Nelco") for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Beqiri was terminated after seeking thirty days unpaid leave to visit his family and ailing mother in his home country of Kosovo. Discovery is now complete, and Nelco has moved for summary judgment, arguing that Beqiri was not entitled to leave and did not provide sufficient notice of his intention to take leave under the FMLA.

I.

Beqiri began working for Nelco in September 2002. In October 2004, Beqiri requested thirty days leave to travel to his homeland, Kosovo, where his mother was in the hospital at the time. Nelco agreed to let him go in January, when the company's busiest time of the year would be over. The timing was unsatisfactory to Beqiri. His precise response to Nelco is disputed, though records from Nelco indicate that he initially said that he would not go in January because it would be too cold and later that his wife would have had another child by that time which would require him to buy another ticket. It is unclear whether he told his supervisors that his mother was sick.

In March or April 2005, Beqiri made another request for thirty days leave to visit his

mother and family in Kosovo. By that time Beqiri had already used his full two weeks of paid vacation time for 2005, plus an additional week of unpaid leave when his wife had given birth. Nelco notified Beqiri that if he attempted to take thirty days of leave to visit his family in Kosovo, the company would interpret his leaving as a resignation. Beqiri informed Nelco that he intended to leave, and on May 20, 2005, he turned in his goggles and tape measure as requested.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On summary judgment, the evidence before the Court must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir.2006). Here, the claim may not be dismissed at this time because questions of fact remain as to what Beqiri told Nelco as well as the necessity that he provide care for his mother.

II.

Beqiri alleges that Nelco's unwillingness to grant him one month's leave violated the FMLA. The FMLA prohibits employers from denying employees the exercise of their rights under the Act. *See* 29 U.S.C. § 2615(a)(1) (2007). To succeed on such a claim, a plaintiff must demonstrate that: (1) he was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied the employee FMLA benefits to which he was entitled. *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005). Both parties concede that Beqiri was an eligible employee, Nelco was an

FMLA employer, and Beqiri was denied a right to take one month's leave. However, Nelco argues that Beqiri was not entitled to leave under the FMLA and that he failed to provide adequate notice to Nelco.

A.

Beqiri argues that he was entitled to FMLA leave because his mother was sick. Under the FMLA, "an eligible employee shall be entitled to a total of twelve workweeks of leave during any 12-month period for one or more of the following: . . . (C) In order to care for the . . . parent of the employee, if such . . . parent has a serious health condition." 29 U.S.C. § 2612(a)(1) (2007). The reason for the leave must fall under the statute and accompanying regulations, which include both physical and psychological care:

> (a) The medical certification provision that an employee is "needed to care for" a family member encompasses both physical and psychological care. It includes situations where, for example, because of a serious health condition, the family member is unable to care for his or her own basic medical, hygienic, or nutritional needs or safety, or is unable to transport himself or herself to the doctor, etc. The term also includes providing psychological comfort and reassurance which would be beneficial to a child, spouse or parent with a serious health condition who is receiving inpatient or home care.
> (b) The term also includes situations where the employee may be needed to fill in for others who are caring for the family member, or to make arrangements for changes in care, such as transfer to a nursing home.

29 C.F.R. § 825.116; *Overley v. Covenant Transport, Inc.*, 178 Fed.Appx. 488, 494-95 (6th Cir. 2006) (holding that a former employee was not entitled to leave under FMLA when her primary purpose for missing work was to meet with an individual she asked to serve as an overseer of her daughter's trust, and she had spent the rest of her day picking up her daughter's laundry, as she did every week, making a preliminary visit with a funeral home, and visiting her daughter to

3

check on her care and condition). Visiting a parent in the hospital does not entitle one to FMLA leave; rather the person must be "needed to care for" the parent. *See Fioto v. Manhattan Woods Enterprises LLC*, 123 Fed.Appx. 26, 28 (2nd Cir. 2005).

A question of fact remains as to whether Beqiri sought leave in order to care for his sick mother. On the one hand, many of Beqiri's stated reasons for visiting Kosovo appear suspect. His reasons for not wanting to travel in January include cold weather and having a new child. He also said in his deposition that he wanted to visit his mother in the hospital so that she could meet his wife, and that he wanted to visit the rest of his family, which he had not seen in six years. Moreover, once he actually arrived in Kosovo, he spent less than one week in the hospital with his mother, and the rest of the time seems to have been spent with other members of the family.

On the other hand, it appears that his mother did have a serious health condition, chronic obstructive bronchitis among other diagnoses, and that she had been hospitalized. Beqiri testified, "[i]f I'm going to go over there to see my mom – that's the only reason I will go over there, because of my mom." He stayed at his brother's home with his mother throughout the balance of the stay in Kosovo. Taking the facts in the light most favorable to the non-moving party, Beqiri's request may have been for leave to care for his ailing mother.

B.

Nelco argues that even if Beqiri was entitled to FMLA leave, he failed to provide adequate notice to Nelco. The FMLA requires an employee to provide "notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave." 29 C.F.R. § 825.302(c). "The critical question is whether the information imparted to the employer is

4

sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Walton*, 424 F.3d at 486 (quoting *Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998)). While an employee need not expressly assert rights under the FMLA or even mention the FMLA, the employee must give the employer enough information for the employer to reasonably conclude that an event described in the FMLA has occurred. *Id.* (citing *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 451 (6th Cir.1999)).

Nelco argues that Beqiri never indicated to Nelco that he was needed to care for his mother in Kosovo. However, this is a disputed issue of fact. Beqiri testified during his deposition that he told his supervisor, Greg Green, that he needed to go because his mother was sick in the hospital:

> "Greg, this is what's happened. This is the story. My mom, she is sick in the hospital, and I didn't be able [sic] to go and see – you know, the last time she was in the hospital. I would like to go and see her." I didn't tell, you know, them, you know, I would like to go and meet my wife or something. It wasn't the reason that I was going. I'm going [sic] because she was sick in the hospital.

Although it is disputed as to what Beqiri actually told Nelco, interpreting the facts in the light most favorable to the non-moving party, such a statement by Beqiri to his supervisor could have served as adequate notice to Nelco that he was requesting leave for an FMLA-related activity, *i.e.*, to care for his mother. "Once an employer is given notice that an employee is requesting leave for a FMLA-qualifying reason, the employer bears the obligation to collect any additional information necessary to make the leave comply with the requirements of the FMLA." *Hammon*, 165 F.3d at 450. Whether Beqiri provided sufficient notice thus remains a question of fact.

5

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record